10-768-ag
Qiyao Chen v. Holder

BIA
A095 377 030

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of November, two thousand eleven.

PRESENT:
> GUIDO CALABRESI,
> REENA RAGGI,
> RICHARD C. WESLEY,
>     *Circuit Judges.*

_____

QIYAO CHEN,
>     *Petitioner,*

>     v.                                    10-768-ag
>                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>     *Respondent.*

_____

FOR PETITIONER:        Adedayo O. Idowu, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Anthony P. Nicastro, Senior Litigation Counsel; Dana M. Camilleri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Qiyao Chen, a native and citizen of the People's Republic of China, seeks review of a February 2, 2010, order of the BIA denying his motion to reopen. *In re Qiyao Chen*, No. A095 377 030 (B.I.A. Feb. 2, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We have reviewed the BIA's denial of Chen's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Ordinarily, an alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Although Chen's fourth motion before the BIA was indisputably untimely and number-barred, there is no time or numerical limitation if the alien establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.2(c)(3)(ii).

## I.   Family Planning

The BIA did not abuse its discretion in finding that

Chen failed to establish a material change in the Chinese government's enforcement of the family planning policy or his *prima facie* eligibility for relief based on the birth of his U.S. citizen children. Chen's arguments are foreclosed by our decision in *Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008).

The notice Chen submitted from the Lianqi Town Family Planning Office was not material to his claim because it merely referenced the policy's mandatory sterilization requirement without indicating that such sterilizations are performed by force, *see id.* at 165, 172, and the BIA did not err in giving the notice reduced weight in light of the immigration judge's underlying adverse credibility determination, *see Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007). With respect to the letter from Chen's mother suggesting that the family planning policy had become stricter for individuals returning with foreign-born children, the BIA did not err in finding that this "anecdotal" statement, *In re Qiyao Chen*, No. A095 377 030, slip op. at 3, was insufficient to overcome the country conditions evidence in the record indicating that the Chinese government's enforcement of the family planning policy had not materially changed since the time of Chen's

prior hearing.  *See Jian Hui Shao*, 546 F.3d at 171 ("We do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency").  Furthermore, the letter from Chen's friend, in which he claimed that he was "intimidated and harassed" by family planning officials when he returned to Lianqi town after fathering two children in the United States, did not indicate that the mistreatment he suffered rose to the level of persecution, nor did he claim that he was sterilized, forcibly or otherwise.  *See id.* at 165, 172.  Furthermore, the events the friend described occurred in 2003, several months before Chen filed his first motion to reopen with the BIA in May 2004.  *See* 8 C.F.R. § 1003.2(c)(1) (requiring motions to reopen to be based on new and previously unavailable evidence).

Finally, the BIA was not be compelled to conclude that Chen demonstrated a reasonable possibility that the imposition of fines for the birth of his children would cause him severe harm amounting to economic persecution. *See In re T-Z-*, 24 I. & N. Dec. 163, 170-75 (B.I.A. 2007); *see also Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (determining that the agency reasonably concluded that the petitioner failed to

4

demonstrate economic persecution when he did not present any testimony or other evidence of his income in China, his net worth at the time of the fines, or any other facts that would make it possible to evaluate his personal financial circumstances in relation to the fines imposed by the government); *Jian Hui Shao*, 546 F.3d at 161-62, 164 & n.25 (finding that the 2006 Country Report did not compel the conclusion that an alien had demonstrated a reasonable possibility of facing severe economic compulsion to submit to sterilization and noting that the BIA had reasonably concluded that the petitioners would face moderate fines not amounting to persecution for any violation of the family planning policy).

## II. Christianity

The BIA also did not abuse its discretion in finding that Chen failed to establish material changed country conditions with respect to the Chinese government's treatment of practicing Christians. Although Chen argues that he "submitted Country Reports [from] China reflecting changed (worsen[ed]) circumstances regarding China's religious freedom," Pet'r's Br. at 22, as the BIA noted, the 2008 U.S. State Department Country Report on China that Chen proffered stated that "freedom to participate in religious activities continued to increase in many areas," and that

5

"[i]n [some] areas hundreds of members of unregistered groups or house churches met openly with local authorities' full knowledge."  *In re Qiyao Chen*, No. A095 377 030, slip op. at 4.  Chen did not submit any evidence before the BIA discussing the treatment of Christians in his home province of Fujian.  Thus, the BIA did not abuse its discretion in determining that he failed to demonstrate a material change in the Chinese government's treatment of Christians in Fujian Province.  *See Qin Wen Zheng*, 500 F.3d at 149.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
